IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH EVANS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:22-CV-679 |
| | ) |
| v. | ) |
| | ) |
| FAYETTE COUNTY, FAYETTE COUNTY PRISON BOARD, JEFFREY N. MYERS, JOHN LENKEY, BRUCE MCCOMBIE, and HENRY CUMBERLAND, | ) ) ) JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) |

**COMPLAINT**

**Jurisdiction**

1. This action is brought pursuant to 42 U.S.C.§ 1983. Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343 and the aforementioned statutory provision.

**PARTIES**

2. Plaintiff Joseph Evans, a citizen of the United States, is an adult individual and resident of Fayette County, Pennsylvania.

3. At all times relevant to this Complaint, the Defendant Fayette County was and is a municipal corporation and a political subdivision in and of the Commonwealth of Pennsylvania and operated under and by the virtue of the laws of the Commonwealth of Pennsylvania and the laws, statutes and regulations of the United States of America, with its principal office located at 61 East Main Street, Uniontown, Pennsylvania 15401.

4. At all times relevant hereto, Defendant Fayette County acted by and through its executives, councils, commissioners, boards, authorities, agents, employees subordinates, officers, contractors, assigns and adjuncts, acting within the scope of their respective offices, agencies, employment, contracts and/or assignments.

5. Upon information and belief, at all times relevant to this Complaint, Fayette County owned, possessed, was in control of, and/or was responsible for the operation of the Fayette County Prison ("Prison").

6. Defendant Jeffery N. Myers was, at times relevant to this complaint, warden at the Fayette County Prison. In all of his actions, Defendant Myers was acting under color of state law and in the course of his employment. The claims being made against Defendant Myers are brought against him in his individual capacity.

7. Defendant John Lenkey was, at times relevant to this complaint, warden at the Fayette County Prison. In all of his actions, Defendant Myers was acting under color of state law and in the course of his employment. The claims being made against Defendant Myers are brought against him in his individual capacity.

8. Defendant Fayette County Prison Board ("Prison Board") was, at all times relevant to this complaint, the authorized policymaker for the Fayette County Prison under Pennsylvania law. In all of its actions, the Fayette County Prison Board was acting under color of state law.

9. Furthermore, Defendant Fayette County Prison Board ("Prison Board") is and was, at all times relevant to this complaint, a local government unit and a 'person' amenable to suit under § 1983. See discussion in *D.S. v. Hollidaysburg/Blair County*, Civil Action 3:18-140, United States District Court, W.D. Pennsylvania

(November 26, 2018)

10. At all times relevant to this complaint, Defendants Henry Cumberland and Defendant Bruce McCombie were employed by the Fayette County Prison as correction officers and have a business address of 12 Court Street, Uniontown, Pennsylvania, 15401.

**FACTS**

11. The Fayette County Prison "first opened in 1889, and is a four-level building that is connected by a bridge to the County Courthouse.  The main building of the County Prison has 184 beds in celled housing, and an Annex building with an additional 80 dormitory beds was added in 2002.  Combined, the capacity of the Prison is 264 beds.  Program space is virtually non-existent.  The Chapel is the only space available for any type of group gathering.  Interviews and meetings by investigators, clergy, or service providers take place in one of two holding cells in the Booking area."  See FAYETTE COUNTY, PENNSYLVANIA PRISON NEEDS ASSESSMENT, Fayette County Prison May 2017 (hereinafter referred to a "PRISON NEEDS ASSESSMENT"), prepared by CGL Companies, a copy of which is attached hereto as Exhibit "1", Page 1-1 and incorporated herein by reference.

12. Since 1889, the Fayette County Prison was remodeled once and that was in 1963.  See Exhibit "1" PRISON NEEDS ASSESSMENT, Page 3-1.

13. "Over the last several years, there have been many inmates regularly housed with other nearby jurisdictions due to a lack of adequate bedspace.  A large

percentage of these have been female inmates. **The prison is overcrowded and understaffed. The design is outdated, inefficient and, in many areas, dangerous to staff and inmates, and there are many maintenance issues in the prison, including plumbing, electrical and HVAC problems. Previous studies have been conducted for the County Prison with recommendations to completely replace the existing prison with a facility nearly double the current capacity**. See Exhibit "1" PRISON NEEDS ASSESSMENT, Page 1-1 (Emphasis Added).

14. The Fayette County prison does "**not offer the proper quantity of beds needed and "access to sufficient 'out of cell' space for activities of the inmate population."** See Exhibit "1" PRISON NEEDS ASSESSMENT, Page 3-2 (Emphasis Added).

15. The Fayette County prison "**lacks sufficient space to provide basic health care to inmates**. See Exhibit "1" PRISON NEEDS ASSESSMENT, Page 3-2 (Emphasis Added).

16. At all times relevant to this complaint, Fayette County Prison was and remains unconscionably overcrowded and dilapidated from years of neglect.

17. Plaintiff was an inmate in the Fayette County Prison during multiple months from prior to May 4, 2020 through September of 2020, the exact dates of which are unknown at this time.

18. During Plaintiff's incarceration at the Fayette County Prison, he served as an inmate worker.

19. On May 5, 2020, Plaintiff was working on a maintenance project with Defendants McCombie and Cumberland.

20. While working with Defendants McCombie and Cumberland, Defendant McCombie attempted to drive a county vehicle up a road between the annex and the main building of the Fayette County Prison despite the fact that the road had been posted as "closed".

21. When Defendant McCombie tried to bypass the road closed sign, he damaged the vehicle by colliding with broken railing.

22. When the Plaintiff attempted to remove the broken railing, as he was instructed by Defendant McCombie to do, he fell from a retaining wall approximately 8 to 10 feet to the ground below causing injuries including but not limited to lacerations to his nose and eye, damage to his teeth and further injury to Plaintiff's head.

23. Rather than taking the Plaintiff to the medical unit to be seen, Defendants McCombie and Cumberland took the Plaintiff to the maintenance area of the prison where the Plaintiff attempted to clean his wounds.

24. Defendants McCombie and Cumberland by their actions and words discouraged the Plaintiff from seeking treatment in the medical unit.

25. Plaintiff did not demand to be seen at the medical unit at that time or further report how his injuries were sustained because to do so would put his inmate worker status at risk.

26. Defendant McCombie later made false statements about the incident to Prison officials to hide the injuries that Plaintiff sustained.

27. At all times relevant to this complaint, at the approval and direction of Defendant Fayette County and the Fayette County Prison Board, Defendant Myers and/or Defendant Lenkey served as the warden of the Fayette County Prison and, per Fayette County Prison Policy and Procedure ADM-012, and they had "total responsibility for every aspect of the administration of the Prison". See Exhibit "2" Fayette County Prison Policy and Procedure ADM-012 incorporated herein by reference.

28. At all times relevant to this complaint, it was Defendant Myer's and/or Defendant Lenkey's responsibility to protect the health and safety of the inmates.

29. Defendants Fayette County, the Fayette County Prison Board, Myers and Lenkey were aware of deficiencies in the Fayette County Prison with respect to dilapidated conditions and the need for improvements as evidenced by the fact that:

    a. The warden, commissioners, and members of the Fayette County Prison Board have personally observed the conditions and need for improvements;

    b. the conditions and need for improvements were issues raised and discussed on multiple occasions at the Fayette County Prison Board meetings;

    c. multiple union grievances were filed regarding the conditions and need for improvements;

    d. multiple union rallies were held regarding the conditions and need for improvements;

    e. multiple lawsuits have been filed and litigated against the prison regarding the conditions and need for improvements;

    f. multiple prison needs studies have been completed and have specifically found that the conditions were inadequate and there was a need for improvements;

    g. complaints from the inmates;

    h. complaints from family members of inmates;

    i. complaints from the guards;

    j. volumes of newspaper articles describing the complaint; and

    k. youtube videos of the former warden in various areas of the prison discussing the inadequate conditions and warning of federal civil rights lawsuits.

30. Defendant Fayette County, Fayette County Prison Board, Defendant Myers and Defendant Lenkey's failure to correct the deficiencies in the Fayette County Prison with respect to dilapidated conditions and the need for improvements was willful, deliberate, malicious and/or with the reckless disregard or callous disregard of the Plaintiff's constitutional and statutory rights.

31. As a result of Defendant Fayette County, Fayette County Prison Board Defendant Myers and Defendant Lenkey's failures to remedy inadequate conditions, the Plaintiff was forced to live in deplorable conditions, where he was exposed to pervasive mold and mildew and infestations of rats, cockroaches

and insects. He was refused access to basic necessities, like adequate drinking water, fresh and uncontaminated food, properly functioning heat and ventilation, properly functioning toilets, sinks and showers. The conditions also included severe overcrowding; inadequate clothing, linens and/or blankets; insufficient yard and recreation; inadequate basic hygiene necessities, including but not limited to adequate toilet paper and clean underwear.

32. The prison conditions were inhumane and deprived the Plaintiff of his basic human needs.

33. Despite having actual knowledge of these conditions and the serious risks they pose, Defendant Fayette County, Defendant Fayette County Prison Board, Defendant Myers and Defendant Lenkey's were deliberately indifferent to the inhumane conditions to which the Plaintiff was exposed.

34. Defendant Fayette County and Defendant Fayette County Prison Board were and are responsible by law for ensuring that Fayette County Prison officials obey the laws of the Commonwealth of Pennsylvania and the United States.

35. At all times material to this Complaint, Defendant Fayette County and Defendant Fayette County Prison Board, through its respective policymakers, pursued *de facto* policies, practices and customs, specifically to ignore the need for updates and remodeling inside the prison and/or to refuse to update the existing prison or build a new prison, were a direct and proximate cause of the unconstitutional injuries and damages to the Plaintiff and the other deprivations of Constitutional rights alleged herein.

36. Defendant Fayette County, Defendant Fayette County Prison Board, Defendant Myers and Defendant Lenkey's failure to adequately provide the most basic human needs to prisoners, including the Plaintiff, and their failure to obey the laws of the Commonwealth of Pennsylvania and the United States evidences a lack of that degree of due care which prudent and reasonable individuals would show in executing their respective duties.

37. As a result of the conduct of all Defendants, Plaintiff suffered and continues to suffer damages, including physical and psychological harm, emotional distress, mental anguish, fear, anxiety, loss of liberty, economic loss, and disfigurement, all to his detriment.

**COUNT I**
**FEDERAL CIVIL RIGHTS VIOLATIONS**
**PLAINTIFF v. ALL DEFENDANT FAYETTE COUNTY, DEFENDANT FAYETTE COUNTY PRISON BOARD, DEFENDANT MYERS AND DEFENDANT LENKEY**

**EIGHTH AMENDMENT**
**CONDITIONS OF CONFINEMENT**

38. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

39. By the facts and actions described above regarding the conditions of confinement at the Fayette County Prison, Defendant Fayette County, Defendant Myers and Defendant Lenkey subjected Plaintiff to a serious deprivation of basic human needs.

40. These deprivations and the risks they pose violate contemporary standards of decency.

41. These deprivations of basic human needs are serious and excessive.

42. Despite having actual knowledge of the serious risks posed to the prisoners' health and safety, Defendant Fayette County, Defendant Fayette County Prison Board, Defendant Myers and Defendant Lenkey disregarded those risks, taking little if any action to try to address the deprivations of the Plaintiff's basic human needs brought about by the conditions of confinement.

43. Defendant Fayette County, Defendant Fayette County Prison Board, Defendant Myers and Defendant Lenkey repeatedly refused to acknowledge or address the deplorable conditions at the Fayette County Prison.

44. Defendant Fayette County, Defendant Fayette County Prison Board, Defendant Myers and Defendant Lenkey have acted with deliberate indifference toward serious deprivations of the prisoners' basic human needs.

45. By the acts described above, Defendant Fayette County, Defendant Fayette County Prison Board, Defendant Myers and Defendant Lenkey have violated the rights of Plaintiff protected by the Eighth Amendment to the United States Constitution.

46. As a direct and proximate result of the said acts of Defendants, Plaintiff suffered the following injuries and damages:
    a. Violation of his constitutional rights under the Eighth Amendment;
    b. Physical pain and suffering;
    c. Economic and non-economic loss; and
    d. Mental anguish and harm.

**WHEREFORE**, Plaintiff requests that this Court:

    a.    Enter judgment against Defendants joint and severally;

    b.    Award compensatory, economic, and non-economic damages to Plaintiff against the Defendants Fayette County, Fayette County Prison Board, Myers and Lenkey;

    c.    Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

    d.    Award such further legal, equitable and other relief as this Court deems just and proper; and

    e.    A jury trial to each Defendant and as to each count.

## COUNT II
## FEDERAL CIVIL RIGHTS VIOLATIONS
## PLAINTIFF v. DEFENDANTS MCCOMBIE and CUMBERLAND

### EIGHTH AMENDMENT
### CRUEL AND UNUSUAL PUNISHMENT

47. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

48. Defendants McCombie and Cumberland violate the Plaintiff's rights under the Eighth Amendment and 42 U.S.C. § 1983 when they failed to provide medical treatment to Plaintiff after they witnessed him sustain a head injury.

49. Defendants McCombie and Cumberland acted maliciously, recklessly or with callous disregard of the Plaintiff's rights so as to justify the imposition of punitive damages.

50. Defendants McCombie and Cumberland were deliberately indifferent to the Plaintiff's medical needs.

51. Defendants McCombie and Cumberland made medical treatment decisions for Plaintiff based on non-medical factors in violation of the Plaintiff's constitutional rights under the Eighth Amendment.

52. As a direct and proximate result of the said acts of Defendants McCombie and Cumberland, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Eight Amendment
    b. Physical pain and suffering;
    c. Economic and non-economic loss;
    d. Mental anguish and harm.

**WHEREFORE**, Plaintiff requests that this Court:

   a. Enter judgment against the Defendants joint and severally;
   b. Award compensatory, economic, and non-economic damages to Plaintiff against the Defendant McCombie and Cumberland;
   c. Punitive damages to Plaintiff against Defendant McCombie and Cumberland;
   d. Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;
   e. Award such further legal, equitable and other relief as this Court deems just and proper; and
   f. A jury trial to each Defendant and as to each count.

## Count III
### FEDERAL CIVIL RIGHTS VIOLATIONS
### Plaintiff v. Defendants Fayette County and Fayette County Prison Board

### Municipal Liability

53. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth at length herein.

54. As described hereinbefore above, Plaintiff was subjected to unlawful violations of the Eighth Amendment.

55. Defendant Fayette County Prison Board, Defendant Myers, and Defendant Lenkey, as officials with policy and decision-making authority, directly participated in and ratified the deprivation of the Plaintiff's constitutional rights.

56. The failure to adequately maintain and improve the Fayette County Prison by Defendants Fayette County and the Fayette County Prison Board amounts to deliberate indifference to the Plaintiff's constitutional rights under the Fourteenth Amendments.

57. Defendants Fayette County and Fayette County Prison Board, by and through elected and appointed officials, acted in reckless disregard for Plaintiff's constitutional rights and deprived the Plaintiff of his constitutionally protected rights.

58. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant Fayette County and Defendant Fayette County Prison Board, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Eight Amendment;

b. Physical pain and suffering;

c. Economic and non-economic loss;

d. Mental anguish and harm.

**WHEREFORE**, Plaintiff requests that this Court:

a. Enter judgment against the Defendant Fayette County and the Defendant Fayette County Prison Board, joint and severally;

b. Award compensatory, economic, and non-economic damages to Plaintiff against the Defendant Fayette County and Defendant Fayette County Prison Board;

c. Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

d. Award such further legal, equitable and other relief as this Court deems just and proper; and

e. A jury trial to each Defendant and as to each count.

s/Charity Grimm Krupa
Charity Grimm Krupa
Attorney I.D. No. 202124
P.O. Box 622
Smithfield, Pa 15478
(724) 569-9608
Counsel for Plaintiff